101 F.3d 704
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert Samuel CHAPPELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2572.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 13, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Robert Samuel Chappell was convicted of mail fraud in November, 1981 in the Southern District of Indiana. Chappell appealed his sentence and was permitted to remain at liberty during the pendency of his appeal. After his conviction was affirmed on appeal,[1] Chappell failed to appear at prison as ordered by the district court and instead fled to the Bahamas. He finally was arrested in Miami in December 1986. Chappell was convicted of willfully failing to appear as ordered and was sentenced to 44 months in prison to be run consecutively to his previous federal sentence. On direct appeal of his failure to appear conviction, he argued that venue was improper, that a limiting instruction should have been given, that there was an unreasonable delay in the indictment and that his arguments improperly were restricted. This court affirmed the conviction on appeal.[2]
 
 
 2
 Chappell filed his first § 2255 motion challenging his mail fraud conviction claiming ineffective assistance of trial counsel, prosecutorial misconduct, judicial misconduct, and a failure to present evidence to the jury. The district court denied these claims based upon Chappell's failure to include them in direct appeal and procedural default. We affirmed.[3] During this time, he filed a second § 2255 motion contending that he had ineffective assistance of appellate counsel. The district court found this claim was procedurally barred because he had failed to raise it in his first § 2255 motion, and alternatively, his counsel was effective. Chappell appealed the denial of his second § 2255 motion and this court affirmed, concluding that he did not show cause and prejudice as to why he had failed to raise this claim on direct appeal and thus, the second § 2255 motion based upon ineffective assistance of appellate counsel constituted an abuse of the writ.[4] With respect to the remand of his first § 2255 motion, we held that he had not demonstrated cause to bring his prosecutorial and judicial misconduct or evidence claims and that his ineffective assistance of trial counsel claim failed on the merits.
 
 
 3
 Chappell then moved for relief a third time under 28 U.S.C. § 2255 challenging his conviction for failing to appear claiming improper venue and lack of jurisdiction and arguing that he had been denied a fair trial and was denied effective assistance of counsel. The district court dismissed all of Chappell's claims and we affirmed.[5] The present appeal is from his fourth § 2255 motion which was filed in January, 1994. In this motion, he challenges his mail fraud conviction alleging ineffective assistance of trial counsel and prosecutorial misconduct and his failure to appear conviction again claiming improper venue. He also asserts that he was innocent and therefore should have been granted relief under § 2255. The district court denied relief stating that all of Chappell's claims were barred because they already had been decided or he had failed to raise them during an earlier appeal or § 2255 motion.
 
 
 4
 The Antiterrorism and Effective Death Penalty Act ("Act"), Pub.L. 104-132, 110 Stat. 1214 amends certain provisions of § 2255, including the provision on successive petitions. The new provision states that:
 
 
 5
 A second or successive motion must be certified as provided in section 2254 by a panel of the appropriate court of appeals to contain--
 
 
 6
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
 
 
 7
 (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
 
 
 8
 Although the procedural requirement of obtaining a prior certification is not applicable to proceedings begun before the effective date of the Act, April 24, 1996, we have held that the substantive provisions regarding successive petitions are applicable to pending cases. Roldan v. United States, No. 96-1624, slip op. at 2 (7th Cir. Sept. 23, 1996) ("[t]he substantive standards of the new provision readily could be applied to pending cases, in lieu of the rules for identifying abuse of the writ"). Consequently, in order to prevail on his fourth petition under § 2255, Chappell must present either newly discovered evidence that would have prevented the factfinder from finding him guilty of mail fraud or failing to appear or a new rule of constitutional law. He has done neither and so we affirm the dismissal of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 United States v. Chappell, 698 F.2d 308 (7th Cir.1983), cert. denied, 461 U.S. 931 (1983)
 
 
 [2]
 United States v. Chappell, 854 F.2d 190 (7th Cir.1988)
 
 
 [3]
 Chappell v. United States, No. 88-2898 (June 2, 1989) (unpublished). The United States Supreme Court vacated this decision and remanded Chappell v. United States, 494 U.S. 1075 (1990). Our decision on remand was consolidated with Chappell's appeal of his second § 2255 motion in Chappell v. United States, 956 F.2d 272 (7th Cir.1992) (unpublished). See note 4, infra
 
 
 [4]
 We consolidated Chappell's appeal from the denial of his second § 2255 motion and the remand of the first § 2255 motion
 
 
 [5]
 United States v. Chappell, No. 90-3673 (March 4, 1992) (unpublished)